UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
VERNON NORMAN EARLE,                )
                                    )
    Petitioner,                    )
                                    )
    v.                             )    Civil Action No. 10-0797 (PLF)
                                    )
UNITED STATES OF AMERICA,           )
                                    )
    Respondent.                    )
_____)

MEMORANDUM OPINION

        This matter is before the Court on *pro se* petitioner's petition for a writ of habeas corpus and respondent's motion to dismiss that petition. Upon consideration of the parties' papers, the relevant legal authorities, and the entire record in this case, the Court will grant respondent's motion to dismiss the petition.

I.  BACKGROUND

        On November 3, 1986, petitioner Vernon Norman Earle was convicted in the Superior Court of the District of Columbia of two counts of assault with intent to kill while armed. *See* Motion Pursuant to 28 U.S.C. § 2241, Habeas Corpus, to Vacate, Set Aside, and Correct Sentence, Pursuant to Violation of Sixth Amendment Constitutional Rights, to Effective Assistance of Appeals and Trial Counsel, Violation of 5th and 14th Amendment Due Process and Equal Protection of the Law ("Pet.") at 3 [Dkt. No. 1]; United States' Motion to Dismiss Petitioner's Petition for a Writ of Habeas Corpus ("Mot.") at 3 [Dkt. No. 12]. Then-Superior Court Judge Reggie B. Walton sentenced petitioner to two consecutive terms of 15 years to life

in prison on April 14, 1987. Pet. at 3; Mot. at 2–3. On June 2, 1987, petitioner was also convicted of first-degree murder while armed, assault with a dangerous weapon, and carrying a pistol without a license. Pet. at 3; Mot. at 4. He was sentenced to 20 years to life for the murder and consecutive terms of three to nine years for the other crimes on November 22, 1987. Pet. at 3; Mot. at 4. Following numerous unsuccessful direct and collateral attacks of his convictions in both D.C. and federal courts, *see* Pet. at 3–4; Mot. at 4–6, petitioner filed the instant petition for a writ of habeas corpus on May 14, 2010, in which he alleges ineffective assistance of trial and appellate counsel, Pet. at 1, 5–7.

Concerning trial counsel, petitioner mentions "a conflict between petitioner and his trial counsel, to the extent petitioner request counsel removal from his case, and trial counsel followed by requesting the couet to removed petitioner from sitting directly behind him 'Because of the seriousness of the charges against petitioner.'" Pet. at 7 (errors in spelling and grammar in original). Concerning appellate counsel, petitioner claims that his appellate lawyer did not raise an ineffective assistance of trial counsel claim, which petitioner requested be raised, and improperly allowed a charge from his trial on which he had been acquitted to form a basis for the affirmance of his conviction. *Id.* at 7, 11. Respondent has moved to dismiss the petition, arguing in relevant part that this Court lacks jurisdiction to consider the petition because petitioner has failed to exhaust the remedies available to him in the courts of the District of Columbia and because petitioner has not shown those remedies to be ineffective. Mot. at 29–35, 37–38. The

Court will grant this motion as to jurisdiction and will not reach respondent's other arguments. *See id.* at 23–29, 36–37.[1]

## II. LEGAL STANDARD.

Federal courts are courts of limited jurisdiction, with the ability to hear only cases entrusted to them by a grant of power contained in either the Constitution or in an act of Congress. *See, e.g.*, *Beethoven.com LLC v. Librarian of Congress*, 394 F.3d 939, 945 (D.C. Cir. 2005); *Hunter v. District of Columbia*, 384 F. Supp. 2d 257, 259 (D.D.C. 2005). On a motion to dismiss for lack of subject-matter jurisdiction, the plaintiff bears the burden of establishing that the Court has jurisdiction. *Brady Campaign to Prevent Gun Violence with the Million Mom March v. Ashcroft*, 339 F. Supp. 2d 68, 72 (D.D.C. 2004). When determining whether to grant a motion to dismiss for lack of subject-matter jurisdiction, the Court must construe the complaint in the plaintiff's favor and treat all well pled allegations of fact as true. *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253–54 (D.C. Cir. 2005). The Court need not accept unsupported inferences or legal conclusions cast as factual allegations. *Primax Recoveries, Inc. v. Lee*, 260 F. Supp. 2d 43, 47 (D.D.C. 2003). Under Rule 12(b)(1), the Court may dispose of the motion on the basis of the complaint alone or it may consider materials beyond the pleadings, "as it deems appropriate to resolve the question whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections and Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000).

---

[1] Respondent does not specify the Rule under which it makes its motion to dismiss, but the Court will evaluate respondent's jurisdictional arguments under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## III. ANALYSIS

Collateral challenges to sentences imposed by the Superior Court of the District of Columbia generally must be brought in that court under D.C. Code § 23-110. *Blair-Bey v. Quick*, 151 F.3d 1036, 1043 (D.C. Cir. 1998). Section 23-110 provides a post-conviction collateral remedy to

> [a] prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, [or] (4) the sentence is otherwise subject to collateral attack.

D.C. Code § 23-110(a). The statute also provides, however, that

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [Section 23-110] shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*Id.* § 23-110(g). Therefore, Section 23-110 is generally the exclusive remedy available to prisoners in custody pursuant to a D.C. Superior Court sentence. *See Blair-Bey v. Quick*, 151 F.3d at 1043 (quoting § 23-110(g)) (noting that the enactment of Section 23-110 "entirely divested the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a section 23-110 remedy available to them unless the petitioner could show that the section 23-110 remedy was 'inadequate or ineffective'").

Mr. Earle first claims that he received ineffective assistance of trial counsel. Pet. at 6–7. He previously advanced this claim before the Superior Court in a motion under Section

4

23-110, but the motion was denied on procedural grounds by Superior Court Judge Robert I. Richter; this denial was affirmed on appeal by the D.C. Court of Appeals. *See* Mot. at 5–6. Petitioner has not shown and cannot show that Section 23-110 is inadequate or ineffective for consideration of this claim, because "[i]t is well-established that the mere denial of relief by the local courts does not render the local remedy inadequate or ineffective." *Joyner v. O'Brien*, No. 09-cv-0913, 2010 WL 199781, at *2 (D.D.C. Jan. 15, 2010); *see Corley v. U.S. Parole Comm'n*, No. 08-cv-1342, 2009 WL 2606554, at *3 (D.D.C. Aug. 26, 2009) (citing *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986)); *Morton v. United States*, No. 07-cv-5253, 2008 WL 4726051, at *1 (D.C. Cir. June 12, 2008) (per curiam) (stating that appellant "may not challenge his District of Columbia convictions in federal court unless his remedy under D.C. Code § 23-110 is inadequate or ineffective to test the legality of his detention . . . , and [t]he § 23-110 remedy . . . is not considered inadequate or ineffective simply because the requested relief has been denied"). Mr. Earle provides no reason to find his Section 23-110 remedy inadequate other than the denial of his petition by Judge Richter. *See* Pet. at 5–11. The Court therefore lacks jurisdiction to consider the claim of ineffective assistance of trial counsel.

Mr. Earle next claims that he received ineffective assistance of appellate counsel. Pet. at 11. The D.C. Circuit has found that this Court may consider a claim that Section 23-110 is an inadequate remedy for such a claim only "after [the petitioner has] moved to recall the mandate in the D.C. Court of Appeals" and has received a ruling from that court. *Williams v. Martinez*, 586 F.3d 995, 999 (D.C. Cir. 2009). Because Mr. Earle has not moved to have the D.C. Court of Appeals recall the mandate, this Court cannot yet consider whether his local remedy is inadequate. *See Richardson v. Stephens*, 730 F. Supp. 2d 70, 72–73 (D.D.C. 2010)

5

("Neither an unfavorable ruling nor an offender's failure to file a motion to recall the mandate renders his remedy in the District of Columbia Court of Appeals inadequate."); *Johnson v. Stansberry*, No. 10-cv-178, 2010 WL 358521, at *2 (D.D.C. Jan. 29, 2010) (denying petition where petitioner "did not move to recall the mandate" and therefore had "not exhausted his local remedies"); *Reyes v. Rios*, 432 F. Supp. 2d 1, 4 (D.D.C. 2006) ("Even if petitioner has failed to file a motion to recall the mandate, the availability of such a course precludes the finding of inadequacy or ineffectiveness required to support his petition in this Court."). The Court therefore lacks jurisdiction to consider the claim of ineffective assistance of appellate counsel.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the United States' motion to dismiss. A separate Order consistent with this Memorandum Opinion shall issue this same date.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: September 9, 2011