UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
VERNON NORMAN EARLE,                )
                                    )
    Petitioner,                     )
                                    )
    v.                              )    Civil Action No. 10-797 (PLF)
                                    )
UNITED STATES OF AMERICA,           )
                                    )
    Respondent.                     )
_____ )

MEMORANDUM OPINION AND ORDER

        On September 9, 2011, the Court issued a Memorandum Opinion and Order dismissing the petitioner's petition for a writ of habeas corpus for lack of subject matter jurisdiction. The petitioner has appealed to the United States Court of Appeals for the District of Columbia Circuit. The court of appeals has directed this Court to decide whether to issue a certificate of appealability. A certificate of appealability will be not be issued.

        "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits," to make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

The detention complained of in this case arises out of process issued by the Superior Court of the District of Columbia. *See* Motion Pursuant to 28 U.S.C. § 2241, Habeas Corpus, to Vacate, Set Aside, and Correct Sentence, Pursuant to Violation of Sixth Amendment Constitutional Rights, to Effective Assistance of Appeals and Trial Counsel, Violation of 5th and 14th Amendment Due Process and Equal Protection of the Law [Dkt. No. 1]. It is settled that "when considering a writ of habeas corpus a prisoner of the District of Columbia is considered a State prisoner, when the prisoner is held under a conviction of the D.C. Superior Court." *Banks v. Smith*, 377 F. Supp. 2d 92, 94 (D.D.C. 2005). The Court therefore evaluates whether a certificate of appealability should issue under 28 U.S.C. § 2253(c)(1)(A).

The Court dismissed the petitioner's petition for a writ of habeas corpus on procedural grounds, concluding that the Court lacked subject matter jurisdiction over the petition. *Earle v. United States*, No. 10-797, 2011 WL 4005327 (D.D.C. Sept. 9, 2011). Specifically, the Court held that a petitioner challenging, in federal court, detention arising out of process issued by the Superior Court of the District of Columbia could advance allegations of ineffective assistance of appellate counsel only if the petitioner first exhausts state court remedies by unsuccessfully appealing his conviction to the D.C. Court of Appeals and then moving to recall the mandate of that court, which this petitioner has not done. *Id.* at *3. The Court therefore concluded that it lacked subject matter jurisdiction over the petitioner's claim of ineffective assistance of appellate counsel. As to petitioner's claim of ineffective assistance of trial counsel, the petitioner simply made no showing that relief available in the courts of the District of

2

Columbia was inadequate or ineffective, as required under D.C. Code § 23-110. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1043 (D.C. Cir. 1998).

For the foregoing reasons, the Court doubts that reasonable jurists would find it debatable whether this Court was correct in dismissing the petition for lack of subject matter jurisdiction. The Court therefore will decline to issue a certificate of appealability. Accordingly, it is hereby

ORDERED that a certificate of appealability shall not issue; and it is

FURTHER ORDERED that the Clerk of this Court shall transmit a copy of this Memorandum Opinion and Order to the Clerk of the United States Court of Appeals for the District of Columbia Circuit.

SO ORDERED.

DATE: October 13, 2011

/s/
PAUL L. FRIEDMAN
United States District Judge