UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

VERNON NORMAN EARLE,

    Petitioner,

v.          Civil Action No. 10-0797 (PLF)

UNITED STATES OF AMERICA,

    Respondent.

---

MEMORANDUM OPINION

The United States moves to dismiss this action for a writ of habeas corpus as untimely filed. *See* United States' Motion to Dismiss Petitioner's Petition for a Writ of Habeas Corpus ("Resp't's Mot.") [Dkt. No. 26]. Mr. Earle opposes the motion. *See* Objection to Government Motion to Treat Petitioner's Habeas Corpus Filed Pursuant to 28 U.S.C. § 2241, as Filed Pursuant to 28 U.S.C. § 2254 and for Summary Dismissal as Untimely Filed ("Pet'r's Opp'n") [Dkt. No. 29]. Upon consideration of the parties' submissions and the entire record, the Court will grant the United States' motion and dismiss the case.

I. BACKGROUND

Mr. Earle is serving an aggregate prison sentence of 20 years to life as a result of multiple convictions in the Superior Court of the District of Columbia on November 3, 1986, and June 2, 1987. *See Earle v. U.S.*, 808 F. Supp. 2d 301, 302 (D.D.C. 2011). "Following numerous unsuccessful direct and collateral attacks of his convictions in both D.C. and federal courts, . . .

petitioner filed the instant petition for a writ of habeas corpus on May 14, 2010, in which he alleges ineffective assistance of trial and appellate counsel." *Id.* (citing Pet. at 1, 5-7) (other citations omitted). This Court previously determined that D.C. Code § 23-110(g) deprived it of jurisdiction to consider Mr. Earle's claim of ineffective assistance of trial counsel, *see id.* at 303-04, and that it lacked jurisdiction to consider the claim of ineffective assistance of appellate counsel because Mr. Earle had not exhausted that claim by moving to recall the mandate in the District of Columbia Court of Appeals ("DCCA"). *Id.* at 304. The Court therefore granted the United States' motion to dismiss, and Mr. Earle noticed an appeal of the dismissal order [Dkt. No. 17].

In denying what was construed as Mr. Earle's request for a certificate of appealability ("COA"), the United States Court of Appeals for the District of Columbia Circuit affirmed the dismissal of Mr. Earle's trial counsel claim for lack of jurisdiction, reasoning that "[a]ppellant has not demonstrated that his remedy under D.C. Code § 23-110 is inadequate or ineffective with regard to this claim." Order, *Earle v. United States of America*, No. 11-5250 (D.C. Cir. Apr. 13, 2012) [Dkt. No. 22] ("D.C. Cir. Order"). In addition, the D.C. Circuit agreed that "at the time of its decision," this Court lacked jurisdiction to consider Mr. Earle's appellate counsel claim "due to [his] failure to exhaust local remedies." *Id.* at 2. The D.C. Circuit denied the COA as to the appellate counsel claim "without prejudice to [Mr. Earle] seeking appropriate relief in the district court now that his motion to recall the mandate has been resolved by the [DCCA]." *Id. See* Resp't's Mot., Ex. A (*Earle v. United States*, No. 87-CF-1234 (D.C. Feb. 14, 2012) (denying motion to recall mandate as untimely filed). In light of Mr. Earle's satisfaction of

the exhaustion requirement, this Court granted his motion to reopen this case by Minute Order issued on October 22, 2012.

## II. DISCUSSION

The United States argues first that the petition brought under the general habeas statute set out at 28 U.S.C. § 2241 should be construed as brought under 28 U.S.C. § 2254, Resp't's Mot. at 3-5, and second that the petition should be dismissed as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(d)(1). *Id*. at 5-12.

The United States' first argument is correct and requires little discussion. In determining that D.C. Code § 23-110(g) does not bar federal court review of a D.C. prisoner's exhausted claim of ineffective assistance of appellate counsel, the D.C. Circuit instructed that on remand such review should occur "in light of the standard set forth in 28 U.S.C. § 2254." *Williams v. Martinez*, 586 F.3d 995, 1002 (D.C. Cir. 2009) (citations omitted); *see Adams v. Middlebrooks*, 810 F. Supp. 2d 119, 122 (D.D.C. 2011) ("[T]he clear weight of authority [ ] finds that a prisoner 'in custody pursuant to a judgment of the D.C. Superior Court' must seek habeas review under 28 U.S.C. § 2254.") (citing cases). The D.C. Circuit's construction of such claims not only is binding on this Court, but it is clearly consistent with Supreme Court precedent. *See Premo v. Moore*, --- U.S. ---, 131 S.Ct. 733, 739 (2011) ("The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is defined by 28 U.S.C. § 2254, as amended by . . . AEDPA").

The Court will not address the United States' second argument for dismissal based on the petition's untimeliness under AEDPA's one-year limitation period because it finds that the independent and adequate state ground doctrine precludes Mr. Earle's claim. "When a state court declines to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement, that judgment rests on independent and adequate state grounds, and federal habeas review of the prisoner's claim ordinarily is precluded." *Jones v. Holt*, 893 F. Supp. 2d 185, 191 (D.D.C. 2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991)) (other citation omitted). A federal court should apply the doctrine when "the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed." *Martinez v. Ryan*, — U.S. —, 132 S.Ct. 1309, 1316 (2012). The exception is when the petitioner has shown "cause for the default and prejudice from a violation of federal law." *Id.* (citing *Coleman v. Thompson*, 501 U.S. at 750).

The DCCA denied Mr. Earle's motion to recall the mandate on the state procedural ground that it was untimely filed. Unlike the situation in *Jones*, where it was unclear whether the DCCA had "denied Mr. Jones' [recall] motion based on a procedural bar or on the merits," *Jones v. Holt*, 893 F. Supp. 2d at 191, the DCCA's denial of Mr. Earle's recall motion is unambiguous. The order states that "appellant's motion to recall mandate is denied as untimely filed," and it cites D.C. Court of Appeals Rule 41(f), which requires such motions to be filed within 180 days from issuance of the mandate. Resp't's Ex. A; *cf. Jones v. Holt*, 893 F Supp. 2d at 192 ("The court of appeals provided no indication that it denied Mr. Jones' motion based on Rule 41(f); only the mere existence of that rule creates such an inference."). The United States has supplied the Superior Court docket showing that the D.C. Court of Appeals' mandates with

respect to Mr. Earle's convictions were issued in 1995. *See* Resp't's Ex. B at 5. The applicable rule then in effect stated that "no motion to recall a mandate based on the asserted failure of counsel to represent the appellant effectively on appeal shall be considered by the court unless the motion is filed within 180 days from the issuance of the mandate." *Watson v. United States*, 536 A.2d 1056, 1059 (D.C. 1987) (quoting Rule 41(c) "which became effective on January 1, 1985"). As this Court has noted, Mr. Earle has challenged his convictions on "numerous" occasions in state and federal courts. *Earle v. United States*, 808 F. Supp. at 302. His sixteen-year delay in moving to recall the mandate to challenge appellate counsel's performance cannot be excused, and the DCCA's denial of the recall motion on the independent state ground of untimeliness under its longstanding Rule 41(f) (formerly Rule 41(c)) is adequately supported.

Mr. Earle seeks to overcome the procedural hurdle by arguing that he has made a "sufficient showing of actual innocence." Pet'r's Opp'n at 5. While it is true that such a showing ordinarily triggers "the miscarriage of justice exception to overcome [a] procedural default[]," *McQuiggin v. Perkins*, — U.S. —, 133 S.Ct. 1924, 1931 (2013), this exception "applies to a severely confined category [of] cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *Id*. at 1933 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995) (internal bracket omitted). Mr. Earle's argument, *see* Pet'r's Opp'n at 5- 8, fails sorely because it is not premised on any new facts and evidence. Besides, this Court lacks jurisdiction to consider Mr. Earle's actual innocence claim -- whether asserted as a "gateway" claim to federal court review or as a "stand-alone" claim -- because "either claim" is available under D.C. Code § 23-110, *Ibrahim v. United States*, 661 F.3d 1141, 1143 (D.C. Cir. 2011), and, therefore, is foreclosed by Section 23-110(g). *See Blair–Bey v.*

5

*Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998) (quoting § 23–110(g)) (noting that the enactment of Section 23-110 "entirely divested the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a section 23-110 remedy available to them unless the petitioner could show that the section 23-110 remedy was 'inadequate or ineffective' "); *see also* D.C. Cir. Order at 1 ("The § 23-110 remedy is not considered inadequate or ineffective . . . because the appellant now claims 'actual innocence' ") (citing *Ibrahim v. United States*, 661 F.3d at 1146).

### III.  CONCLUSION

For the foregoing reasons, the Court grants the United States' motion to dismiss, denies Mr. Earle's habeas corpus petition, and dismisses the case.  A separate Order accompanies this Memorandum Opinion.

DATE:  September 16, 2013

/s/_____
PAUL L. FRIEDMAN
United States District Judge